IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-00052-KDB

| | |
|---|---|
| JAMAAL GITTENS,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>PHH MORTGAGE<br>CORPORATION AND WELLS<br>FARGO BANK N.A.,<br><br>　　　Defendants. | ORDER |

**THIS MATTER IS BEFORE THE COURT** on Wells Fargo Bank, N.A. as Trustee for Park Place Securities, Inc. Asset-Backed Pass-Through Certificates, Series 2005-WHQ3's and PHH Mortgage Corporation's ("Defendants") Motion to Dismiss. (Doc. No. 4). The Court has carefully reviewed the Motion, the parties' briefs, and other pleadings of record. For the reasons discussed below, the Court will grant the Motion.

## I.　BACKGROUND

On December 16, 2021, the Plaintiff's mother passed away. (Doc. No. 1-1). Prior to her death, the Plaintiff's mother executed a note with Argent Mortgage Company, LLC for the purchase of the property located at 1206 Marlene Street, Charlotte, North Carolina 28208 (the "Property"). *Id*. The Plaintiff became the "administrator of [his mother's] affairs" and requested from PHH the loan documents, including the original promissory note. *Id*. PHH informed the Plaintiff that the deed of trust originated with Argent Mortgage and was transferred to Wells Fargo, who is the current holder of the note and deed of trust. *Id*. Ultimately, the Defendants did not provide Plaintiff with the requested original promissory note and related documents.

1

The Plaintiff filed this civil action on December 28, 2022, in Mecklenburg County Superior Court of Mecklenburg County, North Carolina. On January 30, 2023, The Defendants removed the matter to this Court based on the Court's "diversity" jurisdiction, 28 U.S.C. §1332. (Doc. No. 1). The Defendants have now moved to dismiss the Complaint for failure to state a claim upon which relief can be granted. (Doc. No. 4). The matter is fully briefed and ripe for this Court's consideration.

## II.  LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30, 132 S. Ct. 1327, 182 L. Ed. 2d 296 (2012). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc*., 591 F.3d 250, 255 (4th Cir. 2009). The court, however, accepts all well-pled facts as true and draws all reasonable inferences in Plaintiff's favor. *See Conner v. Cleveland Cty., N. Carolina*, No. 19-2012, 2022 U.S. App. LEXIS 388, 2022 WL 53977, at *1 (4th Cir. Jan. 5, 2022); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc*., 637 F.3d 435, 440 (4th Cir. 2011). In so doing, the Court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Pa. Nat'l Mut. Cas. Ins. Co. v. Beach Mart, Inc*., 932 F.3d 268, 274 (4th Cir. 2019). Construing the facts in this way, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Pledger v. Lynch*, 5 F.4th

511, 520 (4th Cir. 2021) (quoting *Ashcroft*, 556 U.S. at 678). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

### III.  DISCUSSION

Even though the Court must liberally construe the Plaintiff's *pro se* Complaint and he is not required to prove his case in his pleadings, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). The Plaintiff brings this quiet title action, seemingly under N.C. Gen. Stat. § 41-10[1], arguing that he[2] should retain title to the Property free and clear of any encumbrances. *See* Doc. No. 1-1.

N.C. Gen. Stat. § 41-10 provides that "an action may be brought by any person against another who claims an estate or interest in real property adverse to him for the purpose of determining such adverse claims." The goal of this statute is "to free the land of the cloud resting upon it and make its title clear and indisputable, so that it may enter the channels of commerce and trade unfettered and without the handicap of suspicion." *Chicago Title Ins. Co. v. Wetherington*, 127 N.C. App. 457, 461, 490 S.E.2d 593, 597 (1997) (quotations and citations omitted), *disc. review denied*, 347 N.C. 574, 498 S.E.2d 380 (1998). "To establish a *prima facie* case for removing a cloud upon title, two requirements must be met: (1) the plaintiff must own the land in controversy

---

[1] Although the Plaintiff does not cite the statute that he is seeking relief under, the Court construes his Complaint as a quiet title action under N.C. Gen. Stat. § 41-10 because of the relief requested.
[2] The Plaintiff appears to bring this suit on behalf of a Byron D. Gittens as well as himself. However, Byron D. Gittens is not a party to this lawsuit and the Complaint does not explain how he has any interest in the Property.

3

or have some estate or interest in it; and (2) the defendant must assert some claim in the land adverse to plaintiff's title, estate or interest." *Hensley v. Samel*, 163 N.C. App. 303, 307, 593 S.E.2d 411, 414 (2004). "Once a plaintiff establishes a prima facie case for removing a cloud on title, the burden rests upon the defendant to establish that his title to the property defeats the plaintiff's claim." *Id*.

Here, the Plaintiff alleges that he was appointed the administrator of his mother's estate and that he requested certain documents from the Defendants, which they failed to provide. From these facts, the Plaintiff maintains that he and Byron D. Gittens are entitled to a deed naming them as owners of the Property. However, accepting the allegations as true, the Plaintiff has failed to state a claim upon which relief can granted. First, the Plaintiff has not sufficiently alleged ownership or interest in the property. Rather, the Plaintiff has brought this action, in his personal capacity, seeking to personally retain title to a property in which his only alleged interest is as "the administrator" of his mother's estate. While Plaintiff pleads that he is "obligated to pay" the note, this vague conclusory statement is insufficient to plead ownership or interest.

Moreover, even assuming the Plaintiff has adequately plead an ownership interest, he acknowledges the existence of a deed of trust. *See* Doc. No. 1-1 ( "I notice[d] [Ms. Gittens] was past due on her mortgage."). Where a plaintiff acknowledges a deed of trust, he can only prevail on his quiet title claim if he establishes it that it is void. *See Kelley v. Citifinancial Servs*., Inc., 205 N.C.App. 426, 696 S.E.2d 775 (2010); *Hopper v. Mortgage Electronic Reg. Sys., Inc*., NO. 3:18-cv-00034-FDW-DSC, 2018 WL 1278204, at *3 (W.D.N.C. March 12, 2018). An invalid deed of trust would constitute an interest in real property adverse to the interest of the property owner. Here, the Plaintiff has failed to plead any facts that would establish the deed of trust is void.

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendants' Motion to Dismiss Plaintiff's *pro se* Complaint, (Doc. No. 4), is **GRANTED**;

2. Plaintiff's Motion to Change Venue, (Doc. No. 5) is **DENIED**[3]; and

3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED.**

Signed: February 22, 2023

Kenneth D. Bell
United States District Judge

---

[3] The Court interprets the Plaintiff's Motion as a motion to remand. The Defendants removed this matter to this Court based on federal diversity jurisdiction. To establish diversity jurisdiction under Section 1332, the Defendants must establish: (1) the parties are of diverse citizenship, and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)-(b). Here, there is complete diversity among the parties and the amount in controversy exceeds $ 75,000. *See* Doc. Nos. 1-1, 9-1, 9-2, 9-3. The Defendants also complied with the additional removal requirements under 28 U.S.C. § 1446. Accordingly, the Plaintiff's Motion is meritless and will be denied.